UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DEIDRA GRANT O/B/O C.P.**                             **CIVIL ACTION**

**VERSUS**                                              **NO: 12-1306**

**CAROLYN W. COLVIN, ACTING**                           **SECTION: "S" (3)**
**COMMISSIONER OF THE SOCIAL**
**SECURITY ADMINISTRATION**

ORDER AND REASONS

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Attorneys' Fees Under the Equal Access to Justice Act (Doc. #23) is **GRANTED IN PART**, in that plaintiff is awarded $6,016 in attorneys' fees.

BACKGROUND

This matter is before the court on a motion for attorneys' fees filed by plaintiff, Deidra Grant, on behalf of her minor son, C.P., under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Grant successfully appealed an adverse decision of the Social Security Administration to the United States District Court for the Eastern District of Louisiana, and she seeks an award of attorneys' fees in the amount of $6,966.90, which represents 37.6 hours of work at a rate of $185.29 per hour.

Defendant, the Commissioner of the Social Security Administration, agrees that Grant is entitled to attorneys' fees under the EAJA, but disputes the number of hours and the hourly rate. The Commissioner argues that the hourly rate should be $160 per hour, and that the number of hours should be reduced to 34.1 hours. The Commissioner argues that the following clerical tasks should be eliminated from the claimed hours because they did not require an attorney's skill or knowledge to perform: draft in forma pauperis form and cover letter to client (0.7 hours); receipt and review of order granting in forma pauperis motion (0.3 hours); preparation and mailing of service letters to United States Attorney, Social Security Administration and Attorney General (0.3 hours);

submission of executed summons (0.3 hours); telephone call from United States Attorney regarding request for an extension of time (0.2 hours); receipt and review of motion for extension of time filed by defendant (0.3 hours); receipt and review of order granting defendant's motion for extension of time (0.3 hours); call from United States Attorney requesting an additional extension of time (0.2 hours); receipt and review of motion for extension of time filed by defendant (0.3 hours); receipt and review of the order granting the defendant an extension of time to respond (0.3 hours); and receipt and review of the scheduling order (0.3 hours).  The Commissioner also argues that the amount of time claimed for some of these tasks is excessive.

## ANALYSIS

The EAJA provides that a court shall award attorneys' fees to a prevailing party in a civil action brought against the United States, including proceedings for judicial review of agency actions, unless the court finds that the position of the government was substantially justified or that special circumstances make the award unjust. 28 U.S.C. § 2412(d)(1)(A).  The amount of attorneys' fees awarded under the EAJ shall not exceed "$125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability or quality of attorneys for the proceeding involved, justifies a higher fee." Id. at § 2412(d)(2)(A).

The EAJA "vests the district courts with discretion to arrive at a reasonable rate for attorneys' fees based on cost-of-living adjustments and other factors." Yoes v. Barnhart, 467 F.3d 426 (5th Cir. 2006).  Thus, the court may increase the hourly rate beyond the statutory cap. Baker v. Bowen, 839 F.2d 1075, 1084 (5th Cir. 1988).  The increased rate does not have to precisely track the cost of living increase for the geographical area, but should be calculated "only to the extent necessary to

ensure an adequate source or representation." Id.  As noted by United States Court of Appeals for the Fifth Circuit in Hall v. Shalala, 50 F.3d 367, 369 (5th Cir. 1995), the EAJA has a dual purpose of ensuring adequate representation for those who need it and minimizing the cost of this representation to the taxpayers.

Recently, other sections of this court have found that $150 or $160 per hour is a reasonable rate for attorneys fees in EAJA cases. See Roberts v. Astrue, 2010 W: 924287 (E.D. La. 3/9/2012) (Zainey, J.) (awarding $150 per hour); Thibodeaux v. Astrue, 914 F.Supp.2d 789 (E.D. La. 2012) (Africk, J.) (awarding $160 per hour); Seal v. Astrue, Civil Action No. 11-2168, Doc. #33 (E.D. La. 10/3/2012) (Zainey, Jr.) (awarding $160 per hour).  In light of these recent awards in this district, the government's suggestion that $160 per hour is reasonable in this case, and the plaintiff's lack of justification for a higher rate, the court finds that $160 per hour is a reasonable rate for attorneys' fees in this case.

Further, the court finds the hours plaintiff's attorney spent on this matter are reasonable. Therefore, plaintiff's attorney will be compensated for  37.6 hours at a rate of $160 per hour, resulting an award of attorneys' fees to plaintiff in the amount of $6,016.

## CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Attorneys' Fees Under the Equal Access to Justice Act (Doc. #23) is **GRANTED IN PART**, in that plaintiff is awarded $6,016 in attorneys' fees.

New Orleans, Louisiana, this  22nd  day of August, 2013.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**